# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| KENDALL CODY DALLAS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 6:21-CV-03065-MDH |
| MISSOURI DEPARTMENT OF FAMILY SERVICES, et al., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Defendants Governor Mike Parsons and Karen Smith. (Doc. 13). For the reasons set forth herein, the Motion is **GRANTED**.

## INTRODUCTION

Pro se Plaintiff brings this claim pursuant to 42 U.S.C. §1983 alleging that the Defendants violated his "civil rights as a father" by "not telling" him anything relating to his daughter S.V. Plaintiff also claims that he was "harassed" by the State of Missouri because he was allegedly forced to surrender custody of his two other daughters. Plaintiff further claims that his oldest daughter now wishes to obtain custody of his daughter S.V. and that because he would not agree, his parental rights "they" are going to terminate his parental rights. Plaintiff is seeking monetary relief and appears to seek injunctive relief in the form of the termination of the Defendants from their current positions.

## STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quotations and citation omitted).

## DISCUSSION

Government officials performing discretionary duties are afforded qualified immunity shielding them from civil damages liability. *See Anderson v. Creighton*, 483 U.S. 635, 638 (S. Ct.. 1987). Qualified immunity is liberally applied and shields an individual government official so long as the official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See White v. Pauly*, 137 S. Ct. 548, 551–52 (2017); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Whether an official is protected by qualified immunity turns on the objective legal reasonableness of the official's actions considered in light of the legal rules that were clearly established at the time the official acted. *See Messerschmidt v. Millender*, 565 U.S. 546 (2012). It therefore protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Courts use a well-settled, two-step analytical framework for analyzing claims of qualified immunity: courts determine whether a plaintiff has demonstrated both (1) that the Plaintiffs have set forth facts showing Defendant's actions violated the Plaintiff's federal constitutional or statutory rights and, if so, (2) that the right was clearly established when the conduct occurred. *See Pearson*, 555 U.S. at 231.

Plaintiffs fail to allege facts that establish that Defendants Governor Mike Parsons or Karen Smith acted in violation of Plaintiffs' federal constitutional or statutory rights. In fact, Plaintiff fails to identify any action taken by either Defendant. Plaintiff identifies Karen Smith as a Defendant, but nowhere in the Complaint does Plaintiff mention Defendant Smith or identify any

specific action taken by Defendant Smith. Plaintiff's allegations are insufficient to show that Defendant Karen Smith violated Plaintiff's constitutional or statutory rights. As to Governor Parsons, Plaintiff only claims that he contacted the Governor's office, but fails to identify who he spoke to or what was discussed. Plaintiff also fails to state that he spoke to the Governor himself. Plaintiff's allegation that he contacted the Governor's office is simply not sufficient to establish that the Governor himself acted in violation of Plaintiff's federal constitutional or statutory rights.

## CONCLUSION

Because Plaintiff has failed to allege facts to support that Defendants Parsons and Smith violated a constitutional or statutory right that was clearly established at the time of the acts at issue, all claims against Defendants Governor Mike Parsons and Karen Smith are dismissed due to official immunity.

**IT IS SO ORDERED.**

Dated: July 15, 2021   　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**